O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#4

CIVIL MINUTES - GENERAL

| Case No. | CV 10-5447 PSG (JEMx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | TAGC Management, LLC *et al.* v. Lehman, Lee & Xu Limited *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order DENYING Plaintiffs' Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction

     Before the Court is Plaintiffs' application for temporary restraining order and order to show cause re preliminary injunction.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the papers submitted in support of and in opposition to the application, the Court DENIES the application.

I.     Background

     On July 23, 2010, Plaintiffs TAGC Management, LLC, TAGC I, LLC, and Total Access Global Capital, LLC ("Plaintiffs") filed this action against Defendants Lehman, Lee & Xu Limited; Lehman, Lee & Xu Patent and Trademark Agents Limited; Lehman Lee & Xu Corporate Services Limited; Lehman, Jones and Partners (HK) Limited; Lehman CGS, Limited; LehmanBrown Limited; LehmanBrown CPA; HSBC Bank USA, N.A. ("HBUS"); Edward E. Lehman ("Lehman"); and Scott Garner ("Garner") (collectively, "Defendants").

     Plaintiffs allege that in June 2010 Defendant Lehman and his various namesake entities (the "Lehman Defendants") fraudulently induced Plaintiffs and their investors to deposit approximately $1.2 million into an escrow account with Defendant HBUS on the pretext that the Lehman Defendants would provide Plaintiffs with legal, financial, and accounting services, including services related to investment projects in Hong Kong.  Plaintiffs allege that, after depositing the money in the escrow account, they began to lose confidence that the Lehman Defendants were in fact performing the services agreed to.  Defendants then allegedly refused Plaintiffs' request that their money be returned to them and ceased responding to Plaintiffs'

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#4

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5447 PSG (JEMx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | TAGC Management, LLC *et al.* v. Lehman, Lee & Xu Limited *et al.* | | |

further attempts to communicate with them. Plaintiffs claim they have since discovered that Defendant Lehman is not a licensed attorney, as represented, and that the Lehman Defendants' conduct was part of a scheme to defraud Plaintiffs of at least an additional $ 2 million.

Based on these allegations, Plaintiffs assert claims for 1) violation of the civil RICO statute (18 U.S.C. § 1962(c)), 2) conversion, 3) aiding and abetting conversion, 4) breach of fiduciary duty, 5) aiding and abetting breach of fiduciary duty, 6) professional negligence, 7) securities fraud, 8) fraud, 9) setting aside fraudulent conveyances, 10) unfair business practices, 11) unjust enrichment, 12) misrepresentation likely to cause confusion, and 13) false and misleading advertising.

On July 26, 2010, Plaintiffs filed this application for a temporary restraining order ("TRO") and an order to show cause why a preliminary injunction should not issue ("Application"). Plaintiffs seek, *inter alia*, to freeze the assets in and traceable to the alleged escrow account with Defendant HBUS.

II.  Legal Standard

An application for a TRO must satisfy the same legal standard as that governing the issuance of a preliminary injunction. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). Accordingly, a party seeking a TRO must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *See Am. Trucking Ass'ns v. City of Los Angeles,* 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008)).

III.  Discussion

    A.  Likelihood of Success on the Merits

The Court finds that Plaintiffs have failed to establish that they will likely succeed on the merits of their claims, in particular on their claims against Defendant HBUS. Against HBUS Plaintiffs assert claims for setting aside fraudulent conveyances and unjust enrichment, based on allegations that HBUS received and is holding funds in escrow for the benefit of Plaintiffs. *See Layfield Decl.* ¶ 2. The only evidence submitted to support those allegations is contained in the declaration of Timothy Nemeckay, which states that "[o]n or about June 1, 2010, several clients

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#4

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5447 PSG (JEMx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | TAGC Management, LLC *et al.* v. Lehman, Lee & Xu Limited *et al.* | | |

of Plaintiffs deposited funds into an escrow account at Lehman Lee & Xu, Ltd. at [HBUS] . . . ." *Nemeckay Decl.* ¶ 2.

Defendant HBUS, however, contends that none of the funds at issue were ever deposited with it and are not now being held by it. HBUS submits evidence that no account in the name of any Defendant or Plaintiff has existed at HBUS in the last two years. *See Hughes Decl.* ¶ 5. HBUS also points out that the exhibits to Plaintiffs' complaint indicate that the escrow funds at issue was actually on deposit with HSBC Hong Kong, which HBUS credibly contends is an entirely separate institution. *See Cmplt,* Ex. L. In view of this evidence, the Court finds that Plaintiffs have failed to establish a likelihood of success on the merits of their claims.

B. <u>Irreparable Harm</u>

"[P]reliminary injunctive relief is available only if plaintiffs 'demonstrate that irreparable injury is likely in the absence of an injunction.'" *Johnson v. Couturier,* 572 F.3d 1067, 1081 (9th Cir. 2009) (quoting *Winter,* 129 S. Ct. at 375). If the harm to plaintiff is merely monetary, it "will not usually support injunctive relief." *American Trucking,* 559 F.3d at 1057; *see also California Pharmacists Ass'n v. Maxwell-Jolly,* 563 F.3d 847, 851-52 (9th Cir. 2009) ("Typically, monetary harm does not constitute irreparable harm. . . . [E]conomic damages are not traditionally considered irreparable because the injury can later be remedied by a damage award.").

Citing *Heckmann v. Ahmanson,* 168 Cal. App. 3d 119, 134, 214 Cal. Rptr. 177 (1985), Plaintiffs contend that irreparable harm is presumed where, as here, a party asserts a claim for breach of fiduciary duty and seeks imposition of a constructive trust. *See Application* 15:28-16:8. As another district court in this circuit has recently stated, however, in rejecting this same argument:

> Plaintiffs seem to confuse the substantive requirements of state law with the procedural requirements of the Federal Rules of Civil Procedure. *Heckmann* does indeed explain that the relevant cause of action under California law does not require an independent showing of irreparable harm, but this in no way abrogates Rule 65 or the Supreme Court's interpretation thereof. Federal law requires a showing that irreparable harm is likely, and Plaintiffs must therefore make that showing in order to obtain their injunction.

*See DuFour v. Be LLC,* 2009 U.S. Dist. LEXIS 120563, at *5-6 (N.D. Cal. Dec. 7, 2009).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#4**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5447 PSG (JEMx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | TAGC Management, LLC *et al.* v. Lehman, Lee & Xu Limited *et al.* | | |

Here, Plaintiffs make clear that the basis for their request for injunctive relief is that the "Lehman Defendants conspired to defraud Plaintiffs of $1.2 million by inducing them to deposit those funds into an escrow account at HSBC." *Layfield Decl.* ¶¶ 2, 6 ("Plaintiffs are only asking for a return of their own money to which the Lehman Defendants have no colorable claim."). The alleged harm to Plaintiffs is thus merely monetary and will not support injunctive relief. *See American Trucking,* 559 F.3d at 1057.

Moreover, while it is true that a court has the power to issue a preliminary injunction where the evidence establishes that a defendant will likely not be able to satisfy a monetary judgment against it, *see Republic of the Phillippines v. Marcos,* 862 F.2d 1355 (9th Cir. 1988) ("A court has the power to issue a preliminary injunction to prevent a defendant from dissipating assets in order to preserve the possibility of equitable remedies."), the evidence does not support that result here. Plaintiffs merely assert that it is their "reasonable and good faith belief" that the Lehman Defendants intend to remove the funds at issue from Plaintiffs' reach. *See Layfield Decl.* ¶ 4; *Nemeckay Decl.* ¶ 7.[1] There is no evidence that Defendants will likely be without resources to satisfy a monetary judgment in the event Plaintiffs prevail on their claims.

The Court therefore finds that Plaintiffs have failed to establish the likelihood of irreparable harm in the absence of the requested injunction. Because Plaintiffs have failed to meet the first two requirements for injunctive relief, the Court need not proceed to address the remaining requirements.

IV.     Conclusion

For the foregoing reasons, the Court DENIES Plaintiffs' application for TRO and order to show cause re preliminary injunction.

**IT IS SO ORDERED.**

---

[1] The Court observes that this purported "belief" would appear at odds with Plaintiffs' notifying Defendants of the contents of the present application. *See Layfield Decl.* ¶ 7.